(173 App. Div. 561)

### McGRATH v. WOODS, Police Com'r.

(Supreme Court, Appellate Division, First Department. June 16, 1916.)

MUNICIPAL CORPORATIONS ⬥185(14)—POLICE OFFICERS—REMOVAL AND REINSTATEMENT.

　　Where a commissioner of police, in violation of Greater New York Charter (Laws 1901, c. 466) § 1543a, as added by Laws 1907, c. 723, assumed to reinstate relator, who had been removed for conduct unbecoming an officer, and thereafter promoted him to the position of sergeant, which position, however, he never actually filled, such appointment and promotion were invalid, and after the enactment of Laws 1915, c. 79, removing the prohibition against reinstatement of officers removed for unbecoming conduct, the relator was entitled only to reinstatement as patrolman, not as sergeant.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 508; Dec. Dig. ⬥185(14).]

Appeal from Special Term, New York County.

Mandamus on the relation of Matthew J. McGrath to compel Arthur Woods, as Police Commissioner of the City of New York, to reinstate him as sergeant of police. From an order granting a peremp-

tory writ (93 Misc. Rep. 671, 158 N. Y. Supp. 564), defendant appeals. Reversed.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

John F. O'Brien, of New York City, for appellant.
Frederick S. Lyke, of Brooklyn, for respondent.

PAGE, J. On April 28, 1911, the relator was removed from the police force by Commissioner Cropsey, who had found the relator guilty, after a trial, of conduct unbecoming an officer. On July 1, 1911, Commissioner Waldo, who had succeeded Cropsey, granted the relator a rehearing and assumed to reinstate the relator to his position as a patrolman. This act of Commissioner Waldo was in direct conflict with section 1543a of the Greater New York Charter, as it existed in July, 1911. On July 12, 1912, Commissioner Waldo granted relator an indefinite leave of absence without pay, and while he was still on leave of absence the commissioner appointed him to the position of sergeant. He never acted as sergeant. In 1915 the Legislature amended section 1543a of the charter (Laws 1915, c. 79), removing therefrom the prohibition against the reinstatement of officers removed for conduct unbecoming an officer. The relator applied to Commissioner Wood for reinstatement, and on September 8, 1915, was reinstated as a patrolman. He brings this proceeding to obtain his reinstatement as a sergeant. The Special Term has granted a peremptory writ of mandamus directing such reinstatement.

The act of Commissioner Waldo in restoring the relator was contrary to the express provision of law and was void. The relator was not a member of the force when Commissioner Waldo assumed to appoint him a sergeant, and as he never acted as such, he never became a sergeant, de facto or de jure. Commissioner Wood therefore properly restored him to the grade of patrolman, the position he held when removed.

The order will be reversed, with $10 costs and disbursements, and the motion denied, with $50 costs. All concur.